IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD CHAPMAN,
M.D.O.C. # 39698; Hinds County Inmate # 15-01834                                PETITIONER

VS.                                                           CIVIL ACTION NO.  3:15cv503-CWR-FKB

STATE OF MISSISSIPPI, ET AL.                                                   RESPONDENTS

REPORT AND RECOMMENDATION

This matter is before the Court on Respondents' Motion to Dismiss [14], to which Petitioner has responded.  Respondents argue that the petition should be dismissed because Chapman has failed to exhaust state remedies.  For the reasons explained below, the Motion to Dismiss should be **granted**.

FACTS AND PROCEDURAL HISTORY

In this action filed pursuant to 28 U.S.C. § 2254, Chapman challenges his 1982 guilty plea to a charge of robbery in the Circuit Court of Hinds County, Mississippi.  Broadly construing his petition, he also challenges his 1982 conviction on the charge of rape, arising from the same events on which the charge of robbery was based.

On January 27, 1982, Petitioner was convicted of rape in the Circuit Court of Hinds County, Mississippi, and sentenced to a term of life in the custody of the Mississippi Department of Corrections.  [14-1] at 1.  On September 22, 1982, Chapman pleaded guilty to robbery without a firearm, for which he was sentenced to ten years in the custody of the Mississippi Department of Corrections, with six years suspended, five years of supervised probation, and four years to serve. [14-3] at 1.  Chapman never filed a direct appeal of his conviction on the charge of rape. *Chapman v. State*, 167 So. 3d 1170, 1171 (Miss. 2015).   It does not appear, furthermore, that

Chapman ever filed a timely post-conviction relief challenge to his guilty plea on the charge of robbery without a firearm. *Chapman v. State*, 167 So. 3d 1205, 1206 (Miss. Ct. App. 2014); *Chapman v. State*, 135 So. 3d 184, 186 (Miss. Ct. App. 2013).

This is not Chapman's first time to seek habeas relief from this Court. Chapman previously filed two habeas challenges to his convictions, and the Court dismissed both of them. *See Chapman v. State of Mississippi*, Civil Action No. 3:96cv412-HTW-JCS ("*Chapman 96*"); *Chapman v. State of Mississippi*, Civil Action No. 3:94cv468-WHB-AGN ("*Chapman 94*").

In *Chapman 94*, the Court found that it was "jurisdictionally barred from reviewing his claims," *Chapman 94*, [16] at 2, because he had procedurally defaulted his constitutional claims. *Id.* at [12] at 3. The Court dismissed the petition with prejudice on May 31, 1995, and no appeal was taken. *Id.* at [14]. However, on March 14, 2011, Chapman filed a Motion for "Out of Time Appeal - Reconsideration - Newly Discovered Evidence - Court Errored [sic]" [15], which this Court denied on March 24, 2011. *Id.* at [16]. In the Order denying relief, the Court analyzed the Motion as one brought pursuant to Rule 60(b)(2) and 60(b)(6) of the Federal Rules of Civil Procedure and found that Chapman was not entitled to relief under either part of the Rule. *Id.* Furthermore, the Court found that Chapman did not meet the factors for leave to file an out-of-time appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *Id.*

In *Chapman 96*, the Court concluded that Chapman's petition was "successive" pursuant to 28 U.S.C. § 2244. *Chapman 96*, [8]; [11] at 1. Chapman's subsequent application for permission to file a successive habeas petition was denied by the United States Court of Appeals for the Fifth Circuit in an Order filed in this Court on August 3, 1998. *Id.* at [17] at 1. On November 3, 2014, Chapman returned to this Court and filed a "Motion to Show Cause,"

arguing that his former petition should not have been considered successive and, instead, he should be allowed to file a petition that would be considered on the merits. *Id.* at [16]. On April 17, 2015, this Court entered an Order [17] that construed the motion as one for reconsideration, noted that it had entered final judgment nearly twenty (20) years earlier, and dismissed the Motion as moot based on untimeliness. *Id.* at [17].

In the meantime, Chapman has pursued relief from his convictions in the state courts.[1] On December 27, 2006, Chapman filed a motion to vacate and set aside his convictions and sentences in the Circuit Court of Hinds County, [14-4], followed by an amended motion on February 12, 2007. [14-5]. In his filings, Chapman attacked both convictions and argued, *inter alia*, that he was actually innocent of the charges, that the State improperly destroyed his trial court records, including exculpatory evidence, and that his trial counsel failed to appeal his conviction for rape. *Id.* at 2-5. On October 5, 2007, the trial court dismissed his post-conviction motion as untimely under Mississippi Code Ann. § 99-39-5(2), and he pursued an appeal. [14-6]. The Mississippi Court of Appeals affirmed the trial court's dismissal of Chapman's petition with an opinion entered July 20, 2010. *Chapman v. State*, 47 So. 3d 203 (Miss. Ct. App. 2010); [14-7].[2]

On August 1, 2011, Chapman filed another motion for post-conviction relief attacking both the rape and robbery convictions in the Circuit Court of Hinds County. *Chapman v. State*,

---

[1]One state court decision references a November 1, 1993, order in which the trial court dismissed Chapman's motion for post-conviction relief with prejudice. *Chapman*, 167 So. 3d at 1206 n.2. However, no copy of that order is before the Court.

[2]This case is referenced as "*Chapman I*" by a dissent in a Mississippi Supreme Court decision. *Chapman*, 167 So. 3d at 1175.

135 So. 3d at 185.[3]   In that motion, Chapman presented the same issues as he had presented in his first motion.  *Id.*  The trial court construed the motion as another motion for post-conviction relief, determined that it was time-barred, and dismissed it.  *Id.*  The Mississippi Court of Appeals affirmed the dismissal as time-barred and also found that the petition was procedurally barred as a successive writ pursuant to Mississippi Code Ann. § 99-39-23(6)(Supp. 2013).  *Id.* at 186.  Chapman asserts that he appealed this denial of relief to the United States Supreme Court, which denied his petition for writ of *certiorari* on October 14, 2014. [1] at 18.[4]

On April 19, 2012, Chapman filed a third motion for post-conviction relief in the Circuit Court of Hinds County, [14-8], followed by an amended motion on October 31, 2012. [14-9].  In the motions, Petitioner argued, *inter alia*, that he was actually innocent of the conviction of rape, that the State improperly destroyed all relevant records and the trial transcript on the charge of rape, and that his trial counsel failed to perfect a direct appeal of his rape conviction.  *Id.* at 2-5.  On December 18, 2012, the Circuit Court of Hinds County found that the petition was time-barred and denied Chapman's motion for post-conviction relief. [14-10].   On June 10, 2014, the Mississippi Court of Appeals affirmed the dismissal of Chapman's third motion for post-conviction relief.  *Chapman v. State*, 167 So. 3d 1205 (Miss. Ct. App. 2014); [14-11].[5]

Chapman filed a petition for writ of *certiorari* with the Mississippi Supreme Court, and

---

[3]Because copies of these filings are not presented by Petitioner or attached to the State's Motion to Dismiss, the procedural summary is drawn from a published decision of the Mississippi Court of Appeals.  This decision is referenced as "*Chapman II*" by a dissent in a Mississippi Supreme Court opinion.  *Chapman*, 167 So. 3d at 1176.

[4]Chapman asserts that it is from this Order denying his petition for writ of *certiorari* that he brings the present Petition for habeas relief. [1] at 3.

[5]This decision is referenced as "*Chapman III*" by a dissent of the Mississippi Supreme Court.  *Chapman*, 167 So. 3d at 1176.

on July 2, 2015, a divided court reversed and remanded the case. *Chapman v. State*, 167 So. 3d 1170 (Miss. 2015). As a rationale for its decision, the court stated that Chapman:

> has never had a direct appeal through no apparent fault of his own, and his trial record allegedly has been destroyed. While Chapman has filed multiple motions for post-conviction relief (PCR), no appellate court has ever addressed the merits of his claims, despite potential violations of his constitutional rights.

*Id.* at 1171. The court directed the trial court to hold an evidentiary hearing to:

> determine if the trial record and transcript exist, and if not, whether an adequate equivalent can be reconstructed. If the trial court determines that the record and transcript do not exist or an adequate equivalent cannot be reconstructed, Chapman should be given leave to file a motion for a new trial.

*Id.* at 1175. The Court also stated that the trial court should consider appointment of counsel if Chapman qualifies as indigent. *Id.*

On July 10, 2015, just days after the Mississippi Supreme Court issued its latest decision, Chapman filed his original Petition [1] for habeas corpus relief in this Court, followed by an Amended Petition [11] on November 8, 2015. In his filings before this Court, Chapman's arguments focus on the validity of his guilty plea to the charge of robbery. However, broadly construing the filings, he also attacks his conviction on the charge of rape.[6] The State responded with a Motion to Dismiss [14], asserting that Chapman's federal habeas petition is premature because his motion for post-conviction relief is still pending before the Circuit Court of Hinds County on remand from the Mississippi Supreme Court's July 2015 decision. Chapman responded in opposition to the Motion to Dismiss. [15] at 1-65.

---

[6]Because Chapman is proceeding *pro se*, his pleadings are liberally construed. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended the statute governing writs of habeas corpus, 28 U.S.C. § 2254. The relevant portions of the statute provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>          \*   \*   \*
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

Petitioner has not met the exhaustion requirement, as the Mississippi Supreme Court has remanded his most recent post-conviction challenge to the Circuit Court of Hinds County for

further proceedings.  *Chapman*, 167 So. 3d at 1170.  While Chapman's arguments in the present petition for habeas corpus relief focus primarily on the validity of his guilty plea on the charge of robbery, the arguments may also be broadly construed, in an abundance of caution, to challenge his rape conviction.

According to the State's Motion to Dismiss, a status conference on Chapman's case was scheduled for January 11, 2016, in the Circuit Court of Hinds County.  Neither party has informed this Court of the outcome of the status conference.  Nevertheless, considering the posture of Chapman's case on remand to the trial court, and despite any argument from Chapman to the contrary, the undersigned finds that Petitioner has yet to exhaust his state court remedies as to both his convictions for rape and robbery in the present iteration of his case.  Accordingly, because Petitioner has failed to exhaust his state court remedies, this Court may not grant habeas relief.  *See* 28 U.S.C. § 2254(b)-(c).

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss should be **granted**, and this case should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 25th day of May, 2016.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE